IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:21-cr-182 |
| JOSEPH PASCUA, | |
| Defendant. | |

### STIPULATED TRIAL PROTECTIVE ORDER

The United States, Defendant Joseph Pascua, and defense counsel stipulate and consent to the entry of this Trial Protective Order in the above-captioned criminal matter. The parties previously entered into a Protective Order on January 19, 2022, for purposes of the discovery in this case and contemplated that a separate order would be necessary in the event of trial. The original Protective Order shall continue to apply to the access and use of discovery materials in this case. This order is necessary "to preserve the confidentiality of trade secrets," as required under 18 U.S.C. § 1835.

IT IS HEREBY STIPULATED that the following provisions shall govern the handling of evidence at trial and during the remainder of this proceeding:

### Scope: Trial Protected Material

1.  This Stipulated Trial Protective Order shall apply to the following evidence and exhibits anticipated at trial:

    a. "Trade Secrets" shall mean information that is intended to be kept secret or is a trade secret within the meaning of 18 U.S.C. § 1839(3).

    b. "Trial Protected Material" shall mean trade secret information and related confidential or proprietary information which may reveal or disclose the trade secrets in this case.

**Pretrial Identification Of Trial Protected Material**

2. Before trial, and no later than February 7, 2023, all parties shall identify any trial exhibits or evidence that may constitute Trial Protected Material.

   a. The list of identified Trial Protected Material exhibits will be provided to the Court, courtroom deputy clerk, and counsel. The list is included in the Court's Order.

   b. Before trial, the parties shall meet and confer to discuss other appropriate measures to preserve the confidentiality and prevent unwarranted disclosure of Trial Protected Material.

   c. The Court will review the Trial Protected Material and consider any issues that the parties are unable to resolve.

   d. A copy of this Stipulated Trial Protective Order shall be maintained with the Trial Protected Materials while used for and during trial.

   e. All persons given access to the Trial Protected Materials shall keep such information secure in accordance with the purposes and intent of this Order.

3. The designation or treatment of any material as Trial Protected Material does not constitute an acknowledgment or determination by the Court that the material is in fact a trade secret. The designation merely serves to "to preserve the confidentiality of trade secrets," as required under 18 U.S.C. § 1835.

**Duty To Notify Concerning Presentation Of Trade Secret Evidence**

4. Counsel for the government and defense have a duty to notify the Court prior to the introduction of any Trial Protected Material as evidence at trial, including but not limited to any testimony or exhibits. The notification duty will allow the Court and parties to ensure appropriate measures are in place to protect the confidentiality of trade secrets during the presentation of this evidence at trial.

**Presentation Of Trial Protected Material Evidence**

5. When the jury is presented with exhibits containing Trial Protected Material, only the jury, counsel, the defendant, the Court and its employees ("Authorized Persons") will be

permitted to view the exhibits. Exhibits or demonstratives containing Trial Protected Materials shall not be displayed on courtroom public presentation displays, including any large courtroom screen, to anyone other than Authorized Persons. This does not apply to the screens at counsel table, witness stand, or those in the jury box. The party presenting the evidence shall maintain custody of the exhibits during the trial. The parties stipulate and urge the Court to find that this limited viewing is essential to preserve the confidentiality of the trade secrets in this case. The jury binder containing hard copies of the Trial Protected Material will be returned to counsel for the United States at the conclusion of the trial of the case.

6. The parties stipulate and urge the Court to find that this limited viewing is essential to preserve the compelling interest of preserving the confidentiality of the trade secrets in this case. Specifically, this limited restriction is narrowly tailored to protect the confidentiality of the trade secret information and to allow the factfinders to consider relevant evidence. Without the minimal restriction, there is a substantial probability that, in the absence of closure, this compelling interest would be harmed. The parties agree that this approach represents the most effective and narrowest means to accomplish these objectives. No other alternatives are as effective in protecting the confidentiality of the trade secrets in this case. Congress explicitly recognized the importance of "preserv[ing] the confidentiality of trade secrets," by directing the Court to consider and adopt appropriate measures. *See* 18 U.S.C. § 1835.

7. The parties may redact trial exhibits which contain Trial Protected Material. In order to preserve the record, any unredacted versions shall be filed under seal.

## Recesses

8. Trial Protected Materials shall not be left unattended in the unlocked courtroom during short recesses. During lengthier recesses, including the lunch recess and overnight recesses,

the courtroom shall be locked, or the parties shall retain custody over the Trial Protected Materials in accordance with the requirements of this Stipulated Trial Protective Order.

### Sealing

9. Any exhibits containing Trial Protected Materials shall be maintained under seal by the Clerk of the Court, unless otherwise ordered by the Court.

### Instructions

10. The parties may instruct witnesses not to disclose Trial Protected Material during the course of their testimony until and unless authorized by the Court.

11. During the trial, and at the conclusion of the case, the jury will be instructed that they are not to disclose or otherwise use Trial Protected Material which was presented during the trial.

### Acknowledgment

12. By this stipulation, undersigned counsel agree to be bound by the terms of this Stipulated Trial Protective Order.

13. Counsel shall have any other persons handling any Trial Protected Material read this this Stipulated Trial Protective Order and sign the attached Acknowledgment, which shall be filed with the Court.

### Return Of Trial Protected Materials Upon Conclusion Of The Case

14. After final judgment of this action or an appeal from any judgment entered in this action is exhausted, and unless the parties agree otherwise, any person to whom Trial Protected Material has been disclosed pursuant to this Order shall, within 10 days of receipt of a written request from the United States or the defense:

    a. disclose the identity of any person to whom disclosure of Trial Protected Material was made; **and**

    b.    do either of the following:

        i. assemble and make available for return all materials and documents produced or revealed containing Trial Protected Material, as well as any copies thereof; and keep confidential, in accordance with this Agreement, every portion of other materials, memoranda or documents purporting to reproduce or paraphrase Trial Protected Material produced or revealed; **or**

        ii. destroy all materials and documents produced or revealed containing Trial Protected Material, including, but not limited to, every portion of other materials, memoranda or documents purporting to reproduce or paraphrase Trial Protected Material; and keep such materials confidential, in accordance with this Agreement,

**and**

    c.    certify in writing that the above-listed procedures have been followed and completed.

SO STIPULATED BY:

DAVID H. ESTES
United States Attorney

//s// Jennifer G. Solari
Jennifer G. Solari
Assistant United States Attorney

//s// David M. Burns, Jr.
David M. Burns, Jr.
Counsel for Defendant

//s// Darron J. Hubbard
Darron J. Hubbard
Assistant United States Attorney

//s// Joseph Pascua
Joseph Pascua
Defendant

**SO ORDERED**, this 8th day of February, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA